Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANTOLA PROPERTIES LLC, d/b/a "Antola Coastal Group" a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:26-cv-12999<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County, California.

5. On information and belief, Plaintiff alleges that Defendant Antola Properties LLC, doing business as "Antola Coastal Group" ("Antola Coastal"), is a California limited liability company doing business in and with this judicial district, through its location at 2115 Main Street, Santa Monica, California 90405.

6. Defendants Does 1 through 10, inclusive, (collectively with Antola Coastal, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH**

8. McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in The Smithsonian Magazine, The National Parks Magazine, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

9. McGucken created and owns the original landscape photograph depicted below (the "Subject Photograph"):

**SUBJECT PHOTOGRAPH**



10. McGucken complied in all respects with the Copyright Act, 17 U.S.C. § 101, et. seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which McGucken has registered with the United States Copyright Office.

11. Prior to the acts complained of herein, McGucken widely published, publicly displayed, and disseminated the Subject Photograph, including, without limitation on his website *www.emcgucken.com*, as well as through his online profiles, social media accounts, press coverage, and physical exhibitions. In each such publication, the Subject Photograph was properly credited to McGucken.

12. McGucken routinely published the Subject Photograph with copyright management information identifying and crediting McGucken as its author and owner.

13. McGucken is informed and believes and thereon alleges that following his publication and display of the Subject Photograph, Antola Coastal used the Subject Photograph without McGucken's authorization for commercial benefit, including by reproducing and displaying the Subject Photograph on the company's official website www.antolaproperties.com, which Antola Coastal owns, operates, controls, and/or maintains (the "Infringing Use"). A true and correct screen capture of the Infringing Use is depicted below:

///

| **<u>INFRINGING USE</u>** |
| --- |
| **<u>URL:</u> https://antolaproperties.com/community/malibu** |
|  |



14. The above exemplar is not meant to encompass all infringing uses; the claims made herein extend to any image displayed, published, licensed, distributed, and/or sold by Defendants that incorporates without permission, in whole or in part, the Subject Photograph.

15. McGucken has not in any way authorized Defendants, or any of them, to copy, reproduce, distribute, create derivative works from, or otherwise exploit the Subject Photograph.

16. On or around February 3, 2026, McGucken sent a letter to Antola Coastal, demanding that it cease and desist all publication and display of the Subject Photograph and the Infringing Use. Defendants failed to meaningfully respond, necessitating this action.

//

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. McGucken repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. McGucken alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph through one or more sources, including, without limitation, McGucken's website, social media accounts, online profiles, and other online features; online publications and press coverage featuring McGucken's work; books and other print publications; third-party websites; and other publicly available online sources. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

19. McGucken alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online for commercial benefit and without McGucken's authorization, including on Antola Coastal's website www.antolaproperties.com.

20. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

22. McGucken alleges on information and belief that Defendants have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred

fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, their agents and employees be enjoined from infringing McGucken's copyrights in any manner, specifically those for the Subject Photograph;
b. That McGucken be awarded all profits of Defendants plus all losses of McGucken, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, and/or 17 U.S.C. § 1203;
c. That a trust be imposed over the revenues derived by Defendants, and each of them, through their Infringing Use;
d. That McGucken be awarded his attorneys' fees as available under the 17 U.S.C. § 1203;
e. That Defendants, and each of them, account to McGucken for their profits and any damages sustained by McGucken arising from the foregoing acts of infringement;
f. That McGucken be awarded pre-judgment interest as allowed by law;
g. That McGucken be awarded the costs of this action; and
h. That McGucken be awarded such further legal and equitable relief as the Court deems proper.

## <u>**JURY DEMAND**</u>

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment to the United States Constitution.

Dated: November 5, 2026

Respectfully submitted,

By: /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*